## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Abdiaziz M. Ahmed,                                    Case No. 24-cv-3481 (NEB/LIB)

               Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

Shanon Monroe, et al.,

               Defendants.

---

Pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Cost, [Docket No. 2], and upon preservice review of Plaintiff's Complaint.

Plaintiff Abdiaziz M. Ahmed, an inmate at the Cass County Jail in Fargo, North Dakota, has filed a federal lawsuit claiming that he was unlawfully arrested in 2015 and 2022 in violation of his constitutional rights. (See Compl. [Docket No. 1]). Upon filing this action, Ahmed moved to proceed in forma pauperis ("IFP") without prepaying this action's filing fee.

Because Ahmed is a prisoner, as 28 U.S.C. § 1915(b) defines the term, if Ahmed is granted permission to proceed IFP he is required to pay the filing fee in installments. This Court, however, concluded that Ahmed had no means and no assets and could therefore pursue this action without first paying an initial partial filing fee. (Order [Docket No. 3]). In the Order informing Ahmed that he was not required to pay an initial partial filing fee, the Court also informed Ahmed that the Court's preliminary review of Ahmed's Complaint pursuant to 28 U.S.C. § 1915A(a) found that the Complaint, as currently pleaded, contained factual and legal deficiencies that may prove fatal to his claims. (Order [Docket No. 3]). Accordingly, this Court ordered Ahmed to show cause

within thirty days of the date of the Court's previous Order why his Complaint should not be dismissed for failure to state a claim. Id. That deadline has now passed, and Ahmed has failed to respond to the Court's show cause Order. This matter, therefore, is now before this Court for preservice review pursuant to 28 U.S.C. § 1915A(a).

Upon that review, and consistent with this Court's earlier caution to Ahmed, the undersigned recommends that Ahmed's Complaint be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Based on this recommendation of dismissal, the Court further recommends that Ahmed's IFP application, [Docket No. 2], be **DENIED as moot**.

## I.     Background

Ahmed asserts two claims. First, Ahmed says that in 2022, unnamed Moorehead police officers unlawfully arrested him for second-degree assault. (Compl. [Docket No. 1] at 5). According to Ahmed, those charges were later dismissed. (Id.). Second, and relatedly, Ahmed says that in 2015, unnamed Moorehead police officers unlawfully arrested him for first-degree burglary. (Id.). Ahmed alleges that those charges were also dismissed. (Id.). Ahmed claims that the Moorhead Police Department is "profiling" him. (Id.). Ahmed alleges that he suffered lost wages from being falsely imprisoned and continues to suffer emotional distress. (Id.).

Ahmed identifies Shanon Monroe, Chief of Police for the City of Moorehead, Minnesota, and the Clay County State's Attorney as defendants to this action in their individual and official capacities. (Id.). Ahmed requests money damages. (Id.).

## II.    Legal Standard

Pursuant to 28 U.S.C. § 1915A—a part of the Prison Litigation Reform Act (PLRA)—the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous,

malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint alleges a claim upon which relief may be granted, courts accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. See, e.g., Varga v. U.S. Nat'l Bank Ass'n, 764 F.3d 833, 838 (8th Cir. 2014); Riley v. St. Louis County Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). The court may, however, disregard legal conclusions couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 684.

While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556–67).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Although a "pro se complaint must be liberally construed," <u>Topchian v. JPMorgan Chase Bank, N.A.</u>, 760 F.3d 843, 849 (8th Cir. 2014), pro se plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible or their complaint must be dismissed." <u>Twombly,</u> 550 U.S. at 569-70. Pro se complaints are entitled to such treatment because "a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." <u>Erikson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>see</u> <u>Sorenson v. Minnesota Dep't of Corr.</u>, No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (citing <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980)). "Although pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." <u>Burgs v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984); <u>see</u> <u>Martin</u>, 623 F.2d at 1286. Pro se complaints "still must allege sufficient facts to support the claims advanced." <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004).

## III.   Discussion

Ahmed brings his claims pursuant to 42 U.S.C. § 1983. To establish a claim under § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." <u>Andrews v. City of West Branch, Iowa</u>, 454 F.3d 914, 918 (8th Cir. 2006). "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." <u>Johnson v. Outboard Marine Corp.,</u> 172 F.3d 531, 535 (8th Cir. 1999) (citing <u>Murphy v. Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997)). To establish liability against a public official in her individual capacity, "the plaintiff must show that the official, acting under color of state law, caused the deprivation of a federal right." <u>Handt v. Lynch</u>, 681 F.3d 939, 943 (8th Cir. 2012); <u>see</u> <u>Mayorga v. Missouri</u>, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

As the Court explained in its prior Order, Ahmed fails to assert any particularized facts describing what specifically Shanon Monroe or the Clay County State's Attorney did (or failed to do) in violation of Ahmed's constitutional rights. Indeed, Ahmed does not assert any facts establishing that either Monroe or the Clay County State's Attorney was directly involved in either Plaintiff's 2015 arrest or his 2022 arrest.

Furthermore, respondeat superior—the theory that a supervisor is responsible for the torts of his subordinates—is not a basis for liability under 42 U.S.C. § 1983. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Kulow v. Nix, 28 F.3d 855, 858 (8th Cir. 1994)). Rather, a supervisor may be liable under § 1983 if he "(1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." Rogers v. King, 885 F.3d 1118, 1122 (8th Cir. 2018) (quoting S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015)). "But such liability only attaches if an individual committed a constitutional violation." Id.

In this case, setting aside the question of whether Ahmed asserted a plausible constitutional violation through his allegedly unlawful arrests in 2015 and 2022, Ahmed fails to assert any factual allegation establishing that either defendant was aware of Plaintiff's arrests in 2015 and 2022, that the violation was part of a pattern of constitutional violations committed by defendants' subordinates, that defendants were deliberately indifferent to the allegedly unlawful arrests, or that defendant authorized the allegedly unlawful arrests.

Thus, even liberally construing his pleadings in his favor, accepting as true all the facts alleged in his Complaint, and drawing all reasonable inferences thereon in his favor, Ahmed's individual capacity claims against Monroe and the Clay County State's Attorney fail as a matter

of law. The undersigned therefore recommends that Ahmed's individual capacity claims be **DISMISSED without prejudice** for failure to state a claim.

This leaves Ahmed's official capacity claims.

"A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent," <u>Baker v. Chisom</u>, 501 F.3d 920, 925 (8th Cir. 2007), or, in this case the City of Moorehead and Clay County. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." <u>Mick v. Raines</u>, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting <u>Corwin v. City of Independence, Mo.</u>, 829 F.3d 695, 699 (8th Cir. 2016)).

In the present case, Ahmed has failed to adequately allege an official capacity claim against either defendant. Put differently, Ahmed fails to assert any factual allegation establishing that some unconstitutional City of Moorehead or Clay County policy, custom, or failure to train <u>caused</u> the alleged constitutional violations.

Thus, even liberally construing his pleadings in his favor, accepting as true all the facts alleged in his Complaint, and drawing all reasonable inferences thereon in his favor, Ahmed's official capacity claims fail. The undersigned thus recommends that Ahmed's official capacity claims be **DISMISSED without prejudice** for failure to state a claim.[1]

---

[1] Notably, Ahmed's claim related to his 2015 arrest are also barred by the statute of limitations. In Minnesota, the statute of limitations for asserting a § 1983 action is six years. <u>See</u> <u>Egerdahl v. Hibbing Cmty. Coll.</u>, 72 F.3d 615, 618 n.3 (8th Cir. 1995). Ahmed, however, asserts that the factual predicate of his second § 1983 claim arose in 2015, well outside the six-year statute of limitations period. Accordingly, even if Ahmed had established a plausible § 1983 claim regarding his 2015 arrest, that claim would nevertheless fail as a matter of law because the statute of limitations has plainly run.

**IV.    Conclusion**

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Abdiaziz M. Ahmed's Complaint, [Docket No. 1], be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim;

2. The application to proceed in forma pauperis of Plaintiff Abdiaziz M. Ahmed, [Docket No. 2], be **DENIED as moot**;

3. Mr. Ahmed be required to pay the unpaid balance of this action's statutory filing fee—$350.00—in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4. The Clerk of Court provide notice of this requirement to the authorities at the institution where Ahmed is confined.


Dated: November 7, 2024                          s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 United States Magistrate Judge

NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).